**Brian L. MORRILL**

v.

**Pamela A. MORRILL, et al.**

Supreme Judicial Court of Maine.

Argued April 27, 1993.

Decided Oct. 19, 1993.

Christopher J. Ryer, Ridky L. Brunette (orally), Brunette, Shumway & Ryer, Portland, for plaintiff.

James A. McKenna (orally), Maine Dept. of Human Services, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Pamela and Brian Morrill were married in October 1977. In May of 1982, Brian filed a

complaint for divorce alleging, *inter alia,* that one child, Joleen, had been born to him and Pamela during the marriage. Judgment of divorce was entered (South Paris, *Batherson, J.*) in July 1982. The court awarded Pamela the custody of Joleen with no support obligation or rights of visitation for Brian.

Pamela subsequently began receiving public assistance on behalf of Joleen. In August 1987, the Department of Human Services (DHS) sought to amend the divorce judgment to require Brian to support his child. After blood tests conclusively proved that Brian was not Joleen's father, DHS withdrew its motion pursuant to M.R.Civ.P. 41(a).

In July of 1988 DHS brought a paternity action against Joseph Martin, asserting that Pamela had named him as Joleen's biological father and that blood tests showed that the probability that he was the father was 99.-38%. In June 1991 the District Court (South Paris, *Sheldon, J.*) entered a summary judgment in favor of Martin on the ground that DHS's paternity claim was barred by the doctrine of collateral estoppel because Brian had been implicitly adjudicated Joleen's natural father in the original divorce action.

In August 1991 DHS moved for relief from the divorce judgment pursuant to M.R.Civ.P. 60(b)(6) "with respect to the paternity of Joleen." No specific relief was requested. The court subsequently permitted Martin to intervene. In March of 1992 the District Court (South Paris, *Sheldon, J.*) granted DHS's motion for relief from the divorce judgment. Again, no specific affirmative relief was ordered. Martin appealed the decision contending that these facts present an inappropriate and untimely occasion for 60(b) relief. The Superior Court (Oxford County, *Brodrick, J.*) affirmed the judgment and this appeal followed. We dismiss the appeal.

 There are several issues of concern, none of which are raised by the parties. There appears to be no order granting affirmative relief from which to appeal. The statutory authority for DHS to take action to render Joleen illegitimate is unexamined. Finally, Martin was completely without standing to intervene in the Morrills' divorce. We dismiss the appeal on this last point alone.

Contrary to his contention, Martin has no legally cognizable interest in the Morrills' divorce judgment. He, therefore, should not have been permitted to intervene as of right. M.R.Civ.P. 24(a). Moreover, because Martin's claim in this action, i.e., that the court should not reopen the judgment, is different from his defense in a paternity action, i.e., that he is not the father, there is no common question of law or fact to authorize a permissive joinder. M.R.Civ.P. 24(b). We recognize *sua sponte* Martin's lack of standing and accordingly dismiss his appeal.

The entry is:

Appeal dismissed.

All concurring.